Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Javier Aguayo;<br><br>    Plaintiff,<br><br>v.<br><br>Transtyle, Inc.; Fred Sadeghi; Faramarz Sadeghi; Saba's Limo Inc.; and Sabah S. Alnassary;<br><br>    Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**I. INTRODUCTION**

1. Plaintiff purchased a 2012 Cadillac Escalade ("Escalade") from Saba's Limo Inc., who represented that the Escalade had only 72,300 actual miles. Shortly after purchasing the Escalade, the engine failed and had to be rebuilt. Plaintiff later learned that odometer had been rolled back. A CarFax report revealed that the Escalade had more than 162,444 miles on its odometer three years before Saba sold it to Plaintiff. The CarFax report also shows that

the Escalade was serviced on May 3, 2016 with 259,253 miles. The title history on the Escalade also revealed that the Defendants participated in altering the odometer reading, and / or providing false disclosures in order to cover up the true mileage of the Escalade.

2. Plaintiff brings this action to remedy Defendants' violations of the federal Motor Vehicle Information and Costs Savings Act, also known as the federal Odometer Act, 49 U.S.C. § 32701, *et seq.* (herein after "the Odometer Act"), and for violation of the Arizona Con-summer Fraud Act.

## II.  JURISDICTION

3. Jurisdiction of this Court arises under 49 U.S.C. § 32710(b) and 28 U.S.C. §§ 1331 and 1337.
4. Supplemental jurisdiction exists for the pendant state law claims pursuant to 28 U.S.C. § 1367.
5. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III.  PARTIES

6. Plaintiff Javier Aguayo is a resident of Maricopa County, Arizona.
7. Plaintiff is a "transferee" as defined by 49 C.F.R. § 580.3.
8. Defendant Transtyle, Inc. ("Transtyle") is an Arizona corporation doing business in Arizona at 7525 E. Williams Dr., Suite A, Scottsdale, AZ 85255.
9. Defendant Fred Sadeghi is the President and the sole director of

Transtyle.

10. Defendant Faramarz Sadeghi is the Secretary of Transtyle.

11. Upon information and belief, Fred and Faramarz Sadeghi control, manage, and oversee the day to day operations of Transtyle.

12. Upon information and belief, Fred and Faramarz Sadeghi control, manage, and oversee the purchase and sale of motor vehicles for Transtyle.

13. Transtyle is licensed by the Arizona Department of Transportation as a vehicle for hire business.

14. Transtyle is in the business of providing limousine and ground transportation services in the greater Phoenix area.

15. Transtyle is a "transferor" as defined by 49 C.F.R. § 580.3.

16. Defendant Saba's Limo Inc. ("Saba's") is an Arizona corporation located at 3539 E. Corona, Phoenix, Arizona 85040.

17. Defendant Sabah Alnassary is the President, CEO and sole director of Saba's.

18. Upon information and belief, Sabah Alnassary controls, manages, and oversees the day to day operations of Saba's.

19. Upon information and belief, Sabah Alnassary controls, manages, and oversees the purchase and sale of motor vehicles for Saba's Limo Inc.

20. Alnassary is a "transferor" as defined by 49 C.F.R. § 580.3.

21. Saba's is licensed by the Arizona Department of Transportation as a vehicles for hire business.

22. Saba's is in the business of providing limousine and ground trans-

- 3 -

|   |     |                                                                           |
|---|-----|---------------------------------------------------------------------------|
| 1 |     | portation services in the greater Phoenix area.                          |
| 2 | 23. | Saba's is a "transferor" as defined by 49 C.F.R. § 580.3.                 |

### III.  FACTUAL ALLEGATIONS

24. The Escalade was first put into service in October 2011. (Exhibit A: Arizona title dated October 25, 2011)

25. Transtyle leased the Escalade from General Electric Capital Corp. to use in its vehicles for hire business. (Exhibit A)

26. By May 5, 2014, the Escalade had accumulated 164,444 miles on the odometer. (Exhibit B: CarFax Report)

27. On or about November 25, 2014, Transtyle purchased the Escalade from General Electric Capital Corp. (Exhibit C: Arizona title dated November 25, 2014)

28. At the time of the sale, Transtyle obtained title to the Escalade which showed the mileage to be 15 miles. (Exhibit C)

29. On or about September 15, 2015, Transtyle sold the Escalade to Saba's. (Exhibit C)

30. At the time of the sale, Transtyle completed an odometer disclosure statement on the back of the title showing that the Escalade had 63,000 actual miles. (Exhibit C)

31. The odometer disclosure statement Transtyle gave Saba's was false as the Escalade had far more than 63,000 miles on it at the time of transfer.

32. At the time Transtyle provided the odometer disclosure statement to Saba's, Transtyle knew or should have know that the odometer disclosure statement was false.

33. On September 5, 2015, Saba's applied for and obtained an Arizona title issued in its name. (Exhibit D: September 5, 2015 title)
34. On or about May 3, 2016, Saba's had the Escalade serviced at Brake Masters with an odometer reading of 259,253 miles. (Exhibit B)
35. Sometime in or about April 2017, Saba's advertised a 2013 Escalade for sale in the on-line classified website of Craigslist.com.
36. Plaintiff responded to Saba's advertisement for the 2013 Escalade.
37. When Plaintiff went to Saba's business location, he learned that the 2013 Escalade had a bad knocking noise which appeared to be coming from the engine.
38. Plaintiff was told by Saba's that there were other Escalades for sale and that he could chose another one.
39. Plaintiff observed that Saba's had approximately six other Escalades they were trying to sell at that time.
40. Plaintiff made Saba's an offer on the 2012 Escalade, which is the subject of this litigation, but Saba's did not accept it.
41. Plaintiff then left without purchasing any vehicle.
42. A short while later, Plaintiff called Saba's and offered $8,500 for the 2012 Escalade, which Saba's accepted.
43. When he went down to consummate the deal, Saba's presented him with the title to the Escalade contained Saba's certification that the mileage on the odometer was 72,300 actual miles.
44. This mileage also was at or near what the reading on the odometer showed.
45. Plaintiff looked at the title to make sure that it was a Box A title.

46. On April 17, 2017, Saba's transferred title to the 2012 Escalade to Plaintiff representing that it had 72,300 actual miles.
47. Plaintiff believed Saba's representation that the 2012 Escalade had 72,300 actual miles when it sold the Escalade to him.
48. Saba's representation that the Escalade had only 72,300 miles was false.
49. Saba's knew its representation that the Escalade had only 72,300 miles was false.
50. Based on the representations made by Saba's concerning the mileage of the Escalade, Plaintiff agreed to finalize the purchase the Escalade from Saba's for $8,500.
51. Within a month after purchasing the Escalade, the engine failed.
52. Plaintiff took the Escalade to his mechanic who confirmed that the engine needed to be rebuilt.
53. Plaintiff saved up to pay for the repairs, and ultimately had the Escalade engine rebuilt at the costs of $7,000.
54. After the engine was torn down, Plaintiff's mechanic showed him how the piston was broken, and explained that the wear on the engine showed far more miles than reflected on the odometer.
55. Upon information and belief, Transtyle rolled back the odometer on the Escalade prior to selling it to Saba's.
56. Upon information and belief, Saba's rolled back the odometer on the Escalade prior to selling it to Plaintiff.
57. Defendants knew that the mileage discrepancy and rolled back odometer would make the actual value of the Escalade worth

1     much less than the price Plaintiff paid for the vehicle.
2  58. Defendants knew that a subsequent buyer like Plaintiff would rely upon their false representations concerning the odometer disclosures on the Escalade.
5  59. Plaintiff in fact relied upon the affirmative misrepresentations made by Saba's in making the decision to purchase the Escalade.
7  60. Plaintiff did not know that the prior odometer disclosures were false, or that the odometer had been rolled back by Transtyle and Saba's when he purchased the Escalade from Saba's.
10 61. Plaintiff would not have purchased the Escalade had he known the true status of the odometer and mileage of the Escalade.

## V.  CAUSES OF ACTION

## CAUSE OF ACTION NO. 1

### Violation of the Federal Odometer Act

### (All Defendants)

16 62. Plaintiff sets forth the foregoing allegations as if set forth herein.
17 63. The foregoing acts and omissions by Defendants violate the federal Odometer Act, 49 U.S.C. § 32701 *et seq*.
19 64. Each defendant violated the Odometer Act with the intent to defraud when providing an odometer disclosure statement which was false.
22 65. Defendant Transtyle also violated the Odometer Act when it altered or caused the odometer reading on the Escalade to be altered by a third party.
25 66. Defendant Saba's also violated the Odometer Act when it altered

1  or caused the odometer reading on the Escalade to be altered by a
2  third party.
3  67. In accordance with 49 U.S.C. § 32710(a) and (b), Plaintiff is entitled
4  to recover from each defendant three times the amount of his
5  actual damages sustained or $10,000.00, whichever is greater,
6  together with reasonable attorney's fees and costs.
7  68. In case of default, Plaintiff's actual damages are no less than
8  $16,500.

## CAUSE OF ACTION NO. 2:

## Violation of Arizona Consumer Fraud Act

### (Defendant Saba's Limo Inc.)

12  69. Saba's foregoing acts and omissions constitute violations of the
13  Arizona Consumer Fraud Act, A.R.S. § 44-1521 et seq. (hereinafter
14  "ACFA").
15  70. Saba's used deception, false pretense, false promise, and misrepre-
16  sentations that the Escalade had 72,300 actual miles on it when in
17  fact the mileage was in access of 259,253 miles a year earlier, and
18  more likely closer to 300,000 miles.
19  71. Saba's conduct also violates A.R.S. § 44-1223(A)(4) which prohibits
20  selling or offering to sell, with intent to defraud, a motor vehicle on
21  which the odometer does not register the true mileage driven.
22  72. Such deception, false pretense, false promise, misrepresentation,
23  and omission of material information were made in connection
24  with sale of merchandise.
25  73. Saba's intended that Plaintiff rely upon such deception, false

|   |     |   |
|---|-----|---|
| 1 |     | pretense, false promise, misrepresentation, and omission of material information. |
| 3 | 74. | In fact, Plaintiff relied on such deception, false pretense, false promise, misrepresentation, and omission of material information, and agreed to purchase the Escalade. |
| 6 | 75. | Plaintiff suffered damages as result of reliance on the deception, false pretense, false promise, misrepresentation, and omission of material information made by Saba's. |
| 9 | 76. | In violating the ACFA, Saba's acted with an evil mind, intending to economically injure Plaintiff, or consciously disregarded the substantial risk that its conduct would cause significant economic harm to Plaintiff. |
| 13 | 77. | Punitive damages are proper because a person who violates A.R.S. § 44-1223(A)(4) shall be guilty of a class 1 misdemeanor. |
| 15 | 78. | Plaintiff is therefore entitled to recover his actual damages, plus punitive damages. |
| 17 | 79. | Plaintiff is also entitled to recover his reasonable attorney's fees and costs pursuant to A.R.S. 12-341.01. |
| 19 | 80. | In case of default, Plaintiff's actual damages are no less than $16,500. |
| 21 | 81. | In case of default, Plaintiff seeks punitive damages of $33,000.00 as the appropriate amount pursuant to the Due Process Clause of the United States Constitution. |

### IV. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants as follows:

a) Statutory damages against each defendant in the amount of $10,000.00 or three times actual damages, whichever is greater;

b) Actual damages against Defendant Saba's Limo Inc.;

c) Punitive damages against Defendant Saba's Limo Inc.;

d) Costs and reasonable attorney's fees against each defendant; and

e) Such other relief as may be just and proper.

DATED   April 17, 2018   .

       s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff